IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MXGO TECHNOLOGIES, INC., § § § **Plaintiff,** § § **v.** § § AOL, INC., § § **Defendant.** § | Civil Action No. 2:14-cv-00890 JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which MXGO TECHNOLOGIES, INC. ("MXGO"), by and through its undersigned counsel, submits this Complaint against AOL, INC. ("AOL" or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent Nos. 7,546,351 (the "'351 Patent"), 6,779,022 (the "'022 Patent), and 7,062,538 (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff MXGO has a place of business 3633 Vireo Ave., Santa Clara, California 95051.

3. On information and belief, Defendant AOL, Inc. is a corporation established under the laws of the State of California, with its principal place of business at 770 Broadway, New York, New York 10003.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conduct business within the State of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas. Further, this Court has general jurisdiction over Defendant due to its continuous and systematic contacts with the State of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, makes, distributes, imports, offers for sale, sells, advertises, and/or uses, message systems, including the accused products identified herein, that practice the claimed message systems of the Patents-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas, has induced others to commit infringement in the State of Texas, and/or has contributed to patent infringement in the State of Texas. Defendants solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products and services in the State of Texas. Further, Defendant has an interactive website that is accessible from the State of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendant has purposefully availed themselves of the privileges of conducting business in the Eastern District of Texas; Defendant regularly conducts business within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the Eastern District of Texas. Further, Defendant has continuous and systematic contacts with the Eastern District of Texas.

8.   More specifically, Defendant, directly and/or through intermediaries, makes, distributes, imports, offers for sale, sells, advertises, and/or uses, message systems, including the accused products identified herein, that practice the claimed message systems of the Patents-in-Suit in the Eastern District of Texas.  Defendant has committed patent infringement in the Eastern District of Texas, has induced others to commit infringement in the Eastern District of Texas, and/or has contributed to patent infringement in the Eastern District of Texas.  Defendant solicits customers in the Eastern District of Texas.  Defendant has paying customers who are residents of Eastern District of Texas and who purchase and/or use the Defendant's products and services in the Eastern District of Texas.  Further, Defendant has an interactive website that is accessible from the Eastern District of Texas.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,546,351

9.   MXGO refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10.   The '351 Patent, entitled "Methods and Systems for Filtering, Sorting, and Dispatching Messages to Wired and Wireless Devices," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 9, 2009 after full and fair examination.  Plaintiff is assignee of the '351 Patent and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patent.

11.   The claims of the '351 Patent cover, *inter alia*, a communication server for conveying messages for a plurality of users comprising: user-specific message filter variables, a user with at least a first and second email address, applying those message filter variables to a message sent to the first or second email address, and through a mail interface, presenting a reply button to said received message, that when used, prepares a reply message identifying the sender of said reply as the email address of the user to which the message was directed.

12. Upon information and belief, Defendant makes, distributes, offers for sale, sells, advertises, and/or uses, within the United States, without limitation, message apparatuses and/or systems, namely products which, *inter alia*, provide e-mail services capable of providing user-specific message filter variables, a user with at least a first and second email address, applying those message filter variables to a message sent to the first or second email address, and through a mail interface, presenting a reply button to said received message, that when used, prepares a reply message identifying the sender of said reply as the email address of the user to which the message was directed.  Plaintiff is informed and believes that Defendant infringes the '351 Patent by and through at least its making, distribution, offer to sell, sale, and/or use of the products comprising at least the ALTO MAIL system.

13. Additionally, Defendant has induced infringement of the '351 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '351 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least customers and other end users to use said products.  Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '351 Patent, which was at least as early as the filing of this Complaint, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

14. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, MXGO reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

15. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,779,022

17. MXGO refers to and incorporates herein the allegations of Paragraphs 1-16 above.

18. The '022 Patent, entitled "Server that Obtains Information from Multiple Sources, Filters Using Client Identities, and Dispatches to Both Hardwired and Wireless Clients," was duly and legally issued by the USPTO on August 17, 2004 after full and fair examination. Plaintiff is assignee of the '022 Patent and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patent.

19. The claims of the '022 Patent cover, *inter alia*, a server network polling multiple information sources having multiple user address, receiving messages from sender from those information sources, and presenting said messages with response options, and, in response to the user selecting a response option, generating a message addressed to the sender of the message and including as the send, the appropriate user address from which the received message was polled.

20. Upon information and belief, Defendant makes, distributes, offers for sale, sells, advertises, and/or uses, within the United States, without limitation, message systems, namely products comprising, *inter alia*, a server network polling multiple information sources having multiple user address, receiving messages from sender from those information sources, and presenting said messages with response options, and, in response to the user selecting a response

option, generating a message addressed to the sender of the message and including as the send, the appropriate user address from which the received message was polled.  Plaintiff is informed and believes that Defendant infringes the '022 Patent by and through at least its making, distribution, offer to sell, sale, and/or use of the products comprising at least the ALTO MAIL system.

21. Additionally, Defendant has induced infringement of the '022 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '022 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least customers and other end users to use said products.  Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '022 Patent, which was at least as early as the filing of this Complaint, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

22. To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been, willful, MXGO reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

23. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

24. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,062,538

25. MXGO refers to and incorporates herein the allegations of Paragraphs 1-24 above.

26. The '538 Patent, entitled "Server That Obtains Information From Multiple Sources, Filters Using Client Identities, And Dispatches To Both Hardwired And Wireless Clients," was duly and legally issued by the USPTO on June 13, 2006 after full and fair examination. Plaintiff is assignee of the '538 Patent and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patent.

27. The claims of the '538 Patent cover, *inter alia*, a method of conveying messages from a plurality of message sources to a user via a plurality of receiving devices, each receiving device having a unique identifier associated with the user, the method comprising preparing dispatching rules establishing user preferences for message routing, at least one dispatch rule identifying a selected one of the plurality of message sources; periodically receiving new messages from ones of the plurality of message sources, each new message having a plurality of message fields; and upon receipt of a new message, applying at least one of the dispatching rules to at least one of the message fields, the at least one dispatching rule identifying whether the new message is from the selected one of the plurality of message sources; storing the new message; and if the new message is from the selected one of the plurality of user message sources, reformatting the new message and dispatching the reformatted message to a wireless one of the receiving devices.

28. Upon information and belief, Defendant makes, distributes, offers for sale, sells, advertises, and/or uses, within the United States, without limitation, message systems, namely products comprising, *inter alia*, a method of conveying messages from a plurality of message

sources to a user via a plurality of receiving devices, each receiving device having a unique identifier associated with the user, the method comprising preparing dispatching rules establishing user preferences for message routing, at least one dispatch rule identifying a selected one of the plurality of message sources; periodically receiving new messages from ones of the plurality of message sources, each new message having a plurality of message fields; and upon receipt of a new message, applying at least one of the dispatching rules to at least one of the message fields, the at least one dispatching rule identifying whether the new message is from the selected one of the plurality of message sources; storing the new message; and if the new message is from the selected one of the plurality of user message sources, reformatting the new message and dispatching the reformatted message to a wireless one of the receiving devices. Plaintiff is informed and believes that Defendant infringes the '538 Patent by and through at least its making, distribution, offer to sell, sale, and/or use of the products comprising at least the AOL MAIL system (including at least AOL Mail Standard, AOL Mail Classic, and AOL Mail Accessible).

29. Additionally, Defendant has induced infringement of the '538 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '538 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least customers and other end users to use said products. Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '538 Patent, which was at least as early as the filing of this Complaint, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

30. To the extent that facts learned during the pendency of this case show that

Defendant's infringement is, or has been, willful, MXGO reserves the right to amend this Complaint accordingly, and to request such a finding at the time of trial.

31. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

32. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

33. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

34. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been directly, either literally and/or under the doctrine of equivalents, and/or indirectly infringed, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable

attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

September 11, 2014                                  Respectfully submitted,

By: */s/ Stephen F. Schlather*
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
John J. Edmonds, Esq.
Texas Bar No. 789758
**COLLINS, EDMONDS, POGORZELSKI,**
**SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
Email: sschlather@cepiplaw.com
         jedmonds@cepiplaw.com

*Attorneys for Plaintiff*
*MXGO Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all known counsel of record are deemed to have consented to electronic service are being served with a copy of this document via the District Court's CM/ECF system per Local Rule CV-5(a)(3).

September 11, 2014                                  */s/ Stephen F. Schlather*
                                                    Stephen F. Schlather